UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAMES FISHER ,

    Plaintiff,

vs.                                  Case No.  3:07-cv-454-J-33MCR

STATE OF FLORIDA c/o D.C.F. and Wm.
T. Dunford,

    Defendants.
_____/

**REPORT AND RECOMMENDATION[1]**

**THIS CAUSE** is before the Court on Plaintiff's Pro Se Complaint (Doc. 1) as well as Plaintiff's Affidavit of Indigency (Doc. 2), which this Court construes as a motion for leave to proceed in forma pauperis. On June 5, 2007, this Court took Plaintiff's motion for leave to proceed in forma pauperis under advisement because Plaintiff's Complaint failed to set forth an identifiable cause of action. (Doc. 7). The Court directed Plaintiff to file an Amended Complaint by **June 16**, **2007**[2] and noted

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal. See 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(a), 6(a) and (e); Local Rules 6.02(a) and 4.20, United States District Court for the Middle District of Florida.

[2] The Court set June 16, 2007 as the deadline for Plaintiff to file an amended complaint; however, unbeknownst to the Court at the time it selected this deadline, June 16, 2007 fell on a Saturday. Thus, the Court gave Plaintiff through June 18, 2007 – the following business day – to file an amended complaint. See Fed. R. Civ. P. 6(a) (computing time deadline as the end of the next business day when deadline falls on a Saturday). Notably, Plaintiff failed to file an amended complaint by **June 18, 2007.**

that failure to file an Amended Complaint may result in a recommendation that this action be dismissed.  (Doc. 5, p. 4).    As of this date, Plaintiff has made no filing.  An individual may be allowed to proceed in forma pauperis if he or she declares in an affidavit that he or she "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief."  Id. § 1915(e)(2).  If the complaint is deficient, the Court is required to dismiss the suit sua sponte.  See id.

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive  lawsuits."  Neitzke v. Williams, 490 U.S. 319, 324 (1989).  However, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless.  See id. at 327.  Further, a complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam).

Upon review, the Court finds Plaintiff's Complaint to be deficient because the

Court is unable to determine, in accordance with 28 U.S.C. § 1915(e)(2), whether it is frivolous, malicious, or fails to state a claim.  Preliminarily, the Court notes it is extremely difficult to read the allegations in Plaintiff's complaint because Plaintiff's handwriting is almost illegible.   The Court has, however, put forth its best effort and believes Plaintiff is attempting to state a claim for racial and sexual discrimination against an employee of the Department of Children and Families ("DCF") who failed to provide Plaintiff and his household with food stamps.

Plaintiff's Complaint does not comply with Rule 8(a)(1), Federal Rules of Civil Procedure, which requires that the Complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends."  Although Plaintiff cites 28 U.S.C. §1331 as a basis for jurisdiction, this statute merely states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. §1331.  Thus, §1331 grants federal question jurisdiction to this Court when Plaintiff alleges a violation of a federal law.  Plaintiff has, however, failed to properly plead a violation of any federal law.

Plaintiff attempts to allege a claim for racial and sexual discrimination against DCF and one of its employees for failure to distribute food stamps to Plaintiff and his household.  Specifically, Plaintiff alleges "Defendant is now refusing to re-certify Plaintiff and Plaintiff's household based on our race (white) and the fact that the three of us are homosexual."  (Doc. 1, p. 3).  He further alleges "Defendant and several of his co-workers have repeated [sic] stated that because we are a bunch of

faggots, the Department will do whatever it has to do to keep us from receiving our food stamps." (Doc. 1, p. 3).   Plaintiff's allegations fail to state a violation of any federal claim.

Interestingly, this case is substantially similar to a case previously filed by Plaintiff in this Court which was dismissed earlier this year.  See Fisher v. State of Fla. c/o Dept. Families and Children, Case No. 3:07-cv-22-J-25HTS, 2007 WL 842981 (M.D. Fla. March 16, 2007).  In Fisher, Plaintiff attempted to set forth a claim for a violation of his civil rights based on sexual discrimination relating to the distribution of food stamps, but Judge Adams affirmed the Magistrate's Report and Recommendation recommending denial of Plaintiff's request to proceed in forma pauperis. Id.  Ultimately, Judge Adams dismissed the case without prejudice to filing a prepaid complaint.  Id.  Notably, Judge Adams explicitly adopted the reasoning in the Report and Recommendation which stated "[c]ontrary to Plaintiff's suggestion, there does not appear to be any statute prohibiting discrimination on the basis of sexual orientation in relation to the processing of food stamp applications." Fisher, 2007 WL at *2. (citing 7 U.S.C. §2020; 42 U.S.C. §2000d, and Simonton v. Runyon, 232 F.3d 33, 36 (2d Cir. 2000).  This Court agrees with Judge Adam's conclusion and finds Plaintiff fails to state a claim for violation of any federal law based on discrimination regarding Plaintiff's sexual affiliation.

In this case, however, Plaintiff asserts an additional allegation which he did not raise in his prior case, i.e., racial discrimination.  As mentioned above, Plaintiff

alleges he was discriminated against based on his race and that he is white.[3] (Doc. 1, p. 3). Although the Court is obligated to construe Plaintiff's Pro Se Complaint liberally, a minimal pleading standard does exist which Plaintiff does not meet. To successfully plead a claim, "[Plaintiff] must do more than merely state legal conclusions;" he must state a factual basis for his race discrimination claims. Jackson v. BellSouth Telecommunications, 372 F.3d 1250, 1263 (11th Cir. 2004). Here, Plaintiff has done nothing more than state conclusory allegations and thus, Plaintiff fails to state a claim for racial discrimination. Id.

Plaintiff's allegations also fail for an additional reason – in his Complaint, Plaintiff states that on May 1, 2007, he was denied food stamps. (Doc. 1, p. 3). He next contends he returned additional paperwork to defendants but they refused to re-issue food stamps to Plaintiff because he is a homosexual. Id. Plaintiff attached several forms to his Complaint, including a letter requesting additional information from DCF, in support of his claim. (Doc 1, p. 6). Rather than supporting his claim, however, the letter from DCF demonstrates Plaintiff had not been denied food stamp benefits at the time he filed his Complaint. Notably, Plaintiff filed this action on May 25, 2007, but the letter from DCF gave Plaintiff until May 29, 2007 to submit additional information to DCF before Plaintiff could be eligible for food stamps. Thus, because the letter attached to the Complaint makes it clear that Plaintiff had not yet been denied food stamps (Doc. 1, p. 6), Plaintiff fails to state a legitimate

---

[3] Seemingly, Plaintiff is attempting to state a reverse discrimination claim as opposed to a racial minority discrimination claim.

claim at this time.

Because Plaintiff failed to file an Amended Complaint on or before June 18, 2007, it is respectfully recommended that Plaintiff's Complaint be dismissed without prejudice to Plaintiff's filing a paid complaint.

Accordingly, after due consideration, it is

**RECOMMENDED**:

Plaintiff's Complaint (Doc. 1), be **DISMISSED** without prejudice to Plaintiff filing a paid complaint.

**DONE AND ORDERED** at Jacksonville, Florida this  19th  day of June, 2007.

*Monte C. Richardson*

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Hon. Virginia M. Hernandez Covington
United States District Judge

Counsel of Record
Pro Se Parties